**FILED**

AUG 2 6 2020

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO 4:19 CR 00923 SNLJ |
| v. ) | |
| ) | |
| ) | |
| WILLIAM ALLEN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### GUILTY-PLEA AGREEMENT

The parties hereby agree as follows:

**1.    PARTIES:**

The parties are the defendant William Allen, represented by defense counsel Rebecca Grosser, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri.    The Court is neither a party to nor bound by this agreement.

**2.    GUILTY PLEA:**

**A.    The Plea:**    Pursuant to Rule 11(c)(1)(A), of the Federal Rules of Criminal Procedure, in exchange for the Defendant's voluntary plea of guilty to Count One of the Indictment, the United States agrees that no further federal prosecution will be brought in this

Page **1** of 13

District relative to Defendant's violations of federal law, known to the United States at this time, arising out of the events set forth in the Indictment.

**B.    The Sentence:**    The parties agree that the recommendations contained herein fairly and accurately set forth some guidelines that may be applicable to this case.    The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines, Title 18, United States Code, Section 3553, or any other provision or rule of law not addressed herein.    The parties further agree that notice of any such request will be given no later than ten (10) days prior to sentencing and that said notice shall specify the legal and factual bases for the request.    The parties understand that the Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document.

**3.    ELEMENTS:**

As to Count One, the Defendant admits to knowingly violating Title 18, United States Code, Section 922(g)(1), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are as follows:

(i)    The Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year;

(ii)    The Defendant thereafter knowingly possessed a firearm;

(iii)    At the time Defendant possessed the firearm, Defendant knew he had been convicted of a felony, that is, a crime punishable by imprisonment for a term

exceeding one year; and,

(iv)    The firearm was transported across a state line at some point during or before the Defendant's possession of it.

4.    **FACTS:**

The parties agree that the facts in this case are as follows and that the United States would prove these facts beyond a reasonable doubt if the case were to go to trial.   These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On or about October 9, 2019, at approximately 3:35 a.m., St. Louis Metropolitan Police Department officers were on patrol when they saw a white Chevrolet Cruz with unregistered plates.   The officers pulled the vehicle over at 3205 Natural Bridge Road, St. Louis, Missouri; which is within the Eastern District of Missouri.   Defendant William Allen was the passenger in the vehicle.   When speaking with the driver of the vehicle, officers saw the butt of a black handgun with a silver magazine tucked between Defendant Allen's seat and the center console. Defendant was sweating profusely and angling his body to obstruct the officers' view of the interior of the vehicle.

Officers asked Defendant to exit the vehicle.   After he did so, the officers asked Defendant whether there was a gun in the vehicle.   Defendant denied that there was a gun in the vehicle.   However, Defendant admitted to being a convicted felon.   Although Defendant initially gave false identifying information to the officers, he ultimately provided his correct name and birthday, before stating, "Let's go ahead and get it over with.   I'm a parole violator, just take me to jail."   When Defendant was told that the officers could not

find active warrants at that time in the system; Defendant stated that he was surprised.

Officers seized the gun from the vehicle, a Talon Industries .380 handgun.   It was loaded with eight live cartridges in the magazine and an additional cartridge in the chamber. After being read his *Miranda* rights, Defendant admitted in a recorded statement that he had bought the Talon Industries .380 handgun for $200 from a person on the street approximately two months earlier.   He admitted to possession of the gun, which he claimed he carried for protection.

Defendant specifically admits that he knowingly possessed the Talon Industries .380 caliber handgun on or about October 9, 2019.   The gun was manufactured outside the State of Missouri, and, therefore, the firearm had been transported across state lines and in interstate commerce prior to or during Defendant's possession.   The gun also meets the definition of a firearm under 18 U.S.C. § 921(a)(3) in that it can expel a projectile by the action of an explosive, and is, therefore, a firearm as defined under federal law.

Prior to October 9, 2019, Defendant was convicted of at least one felony crime in a court of law punishable by imprisonment for a term exceeding one year.   At the time Defendant knowingly possessed the firearm, he knew he was a convicted felon.

## 5.   STATUTORY PENALTIES:

The Defendant fully understands that the maximum possible penalty provided by law for the crime to which the Defendant is pleading guilty is imprisonment of not more than ten years, a fine of not more than $250,000, or both such imprisonment and fine.   The Court also may impose a period of supervised release of not more than three years.

Page 4 of 13

In certain situations under Title 18, United States Code, Section 924(e)(Armed Career Criminal), Defendant may be subject to a mandatory minimum sentence of imprisonment of fifteen (15) years and a maximum of life, a fine of not more than $250,000, or both such imprisonment and fine, and a term of supervised release of not more than five years. **The Defendant is pleading guilty with full knowledge of these possibilities, has discussed these possibilities with counsel and will not be able to withdraw the guilty plea if the Court determines the foregoing statute applies to Defendant's sentence.**

6.    U.S. SENTENCING GUIDELINES: 2018 MANUAL

The Defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

A.    Chapter 2 Offense Conduct:

i.    **Base Offense Level:** The parties agree that the Base Offense Level is found in Section 2K2.1(a) and depends on, among other things, the nature of the Defendant's criminal history and the characteristics of the firearm. The Base Offense Level may also be determined under Section 4B1.4 if Defendant is determined to be an Armed Career Criminal.

ii.    **Specific Offense Characteristics:** The parties agree that the following special offense characteristics apply: none.

B.    Chapter 3 Adjustments:

Page 5 of 13

i.    <u>Acceptance of Responsibility:</u> The parties recommend that two levels should be deducted pursuant to Sentencing Guidelines Section 3E1.1(a) because Defendant has clearly demonstrated acceptance of responsibility.   If the deduction pursuant to Sentencing Guidelines Section 3E1.1(a) is applied and Defendant is otherwise eligible, then the United States, moves to deduct one additional level pursuant to Sentencing Guidelines Section 3E1.1(b)(2), because Defendant timely notified authorities of the intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

The parties agree that if Defendant does not abide by all of the agreements made within this document, Defendant's failure to comply is grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1.   The parties further agree that Defendant's eligibility for a reduction pursuant to Sentencing Guidelines Section 3E1.1 is based upon the information known at the present time and that any actions of Defendant which occur or which become known to the United States subsequent to this agreement and are inconsistent with Defendant's acceptance of responsibility including, but not limited to criminal conduct, are grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1.   In any event, the parties agree that all of the remaining provisions of this agreement remain valid and in full force and effect.

C.    <u>Estimated Total Offense Level:</u>   The parties agree that the Total Offense Level will depend on the Base Offense Level determined pursuant to Section 2K2.1(a), along with other relevant factors stated above, unless Defendant is an Armed Career Criminal.

Depending on the underlying offense and Defendant's criminal history, Defendant could be an Armed Career Criminal pursuant to Title 18, United States Code, Section 924(e) and Section 4B1.4. If the Court finds Defendant is an Armed Career Criminal, the Total Offense Level may be higher and the Criminal History Category may be as high as Category VI. **Defendant has discussed these possibilities with defense counsel. Both parties reserve the right to argue that the Defendant is or is not an Armed Career Criminal.**

**D.** **Criminal History:** The determination of the Defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the Defendant's criminal history and the applicable category. The Defendant's criminal history is known to the Defendant and is substantially available in the Pretrial Services Report.

**E.** **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

**7.** **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

**A.** **Appeal:** The Defendant has been fully apprised by defense counsel of the Defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

i. **Non-Sentencing Issues:** The parties waive all rights to appeal all

Page **7** of **13**

non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea.

       **ii.**     <u>Sentencing Issues:</u> In the event the Court accepts the plea and, after determining a Sentencing Guidelines range, sentences the Defendant within or below that range, then, as part of this agreement, the Defendant hereby waives all rights to appeal all sentencing issues other than Criminal History. Similarly, the United States hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea and sentences the Defendant to a sentence within or above the Sentencing Guidelines range.

       **B.**     <u>Habeas Corpus:</u> The Defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

       **C.**     <u>Right to Records:</u> The Defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

Page **8** of **13**

8. **OTHER:**

A. **Disclosures Required by the United States Probation Office:** The Defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the United States.

B. **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the Defendant.

C. **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the Defendant and may impose special conditions related to the crime Defendant committed. These conditions will be restrictions on the Defendant to which the Defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the Defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The Defendant understands that parole has been abolished.

D. **Mandatory Special Assessment:** This offense is subject to the provisions of the Criminal Fines Improvement Act of 1987 and the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the Defendant agrees to pay at the time of sentencing. Money paid by the Defendant toward any restitution

Page 9 of 13

or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

**E.      Possibility of Detention:**    The Defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**F.      Fines and Costs of Incarceration and Supervision:**    The Court may impose a fine, costs of incarceration, and costs of supervision.    The Defendant agrees that any fine imposed by the Court will be due and payable immediately.

**G.      Forfeiture:**    The Defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States.    The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

**9.      ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

In pleading guilty, the Defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the United States to prove the elements of the offenses charged against the Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and

Page **10** of **13**

the right to compel the attendance of witnesses.   The Defendant further understands that by this guilty plea, the Defendant expressly waives all the rights set forth in this paragraph.

The Defendant fully understands that the Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding.   The Defendant's counsel has explained these rights and the consequences of the waiver of these rights.   The Defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The Defendant is fully satisfied with the representation received from defense counsel. The Defendant has reviewed the United States= evidence and discussed the United States= case and all possible defenses and defense witnesses with defense counsel.   Defense counsel has completely and satisfactorily explored all areas which the Defendant has requested relative to the United States= case and any defenses.

10.   <u>**VOLUNTARY   NATURE   OF   THE   GUILTY   PLEA   AND   PLEA AGREEMENT:**</u>

This document constitutes the entire agreement between the Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Department of Justice attorney, concerning any plea to be entered in this case.   In addition, the Defendant states that no person has, directly or indirectly, threatened or coerced the Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The Defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The Defendant further acknowledges that this guilty plea is made of the Defendant's own free will and that the Defendant is, in fact, guilty.

**11.  CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if Defendant commits any crime, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The United States may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

12,    **NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the Defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the United States agrees to dismiss or not to bring.

8 - 25 - 2020
_____
Date

_____
CASSANDRA J. WIEMKEN, #91586KY
Assistant United States Attorney

8-24-20
_____
Date

_____
WILLIAM ALLEN
Defendant

8/25/2020
_____
Date

_____
REBECCA GROSSER
Attorney for Defendant

Page **13** of **13**